**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02044 AG (KESx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | GOLDEN STATE INVESTMENT GROUP, INC. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Golden State Investment Group, Inc. sued Defendants Travelers Casualty Insurance Company of America (or "Travelers" for short) and David Cobian in California state court, purporting to allege claims under California state law for breach of contract, breach of the duty of good faith and fair dealing, and negligence. Defendant Travelers removed this case to federal court on diversity jurisdiction grounds. Plaintiff now moves to remand this action to state court.

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 16.) All other pending matters are VACATED.

**1. BRIEF BACKGROUND**

Plaintiff Golden State Investment is a California corporation. (Compl., Dkt. No. 1-1 at ¶ 5.) Plaintiff alleges that it had an insurance policy with Defendant Travelers. (*Id.* at ¶ 9.) Travelers is a Connecticut corporation with its primary place of business in Connecticut. (Notice of Removal, Dkt. No. 1 at ¶ 6.) When Plaintiff's property was allegedly vandalized, Plaintiff filed an insurance claim with Travelers. (Compl., Dkt. No. 1-1 at ¶¶ 21-23.) Plaintiff alleges that Cobian is a California citizen. (*Id.* at ¶ 7.)

Plaintiff later sued Defendants, arguing that they improperly handled its claim and denied its insurance coverage. (See generally Compl., Dkt. No. 1-1.) Against Travelers, Plaintiff purportedly alleges two claims: breach of contract, and breach of the implied covenant of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02044 AG (KESx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | GOLDEN STATE INVESTMENT GROUP, INC. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

good faith and fair dealing. (*Id.* at ¶¶ 24–38.) Plaintiff also purports to bring a negligence claim against Cobian. (*Id.* at ¶¶ 39, 55–59.)

Travelers filed a notice of removal of Plaintiff's case in this Court. (Dkt. No. 1.) Travelers contends that this Court has subject matter jurisdiction because of the diversity of citizenship of the parties under 28 U.S.C. § 1332(a). (*Id.* at ¶ 3.) Travelers' argument relies on the sham defendant doctrine, also called the fraudulent joinder doctrine. (*See id.* at ¶¶ 8, 13–19; Opp'n, Dkt. No. 20 at 2.)

## 2. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Thus, § 1332 allows what's called diversity jurisdiction. "Historically, diversity jurisdiction has required that each plaintiff in a case be a citizen of a different state than each defendant—a concept called 'complete diversity.'" *Abramson Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016).

"Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Put differently, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp,* 313 U.S. at 108–09). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02044 AG (KESx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | GOLDEN STATE INVESTMENT GROUP, INC. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

### 3. ANALYSIS

#### 3.1 Motion to Remand

Travelers invokes diversity jurisdiction. Yet if Plaintiff's allegation about Cobian's citizenship is correct, then both the Plaintiff and one of the Defendants involved in this case are citizens of the same state. In other words, there wouldn't be the complete diversity between the parties required for diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citation omitted) (The "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Travelers doesn't argue that Cobian isn't really a California citizen. Instead, Travelers contends that Cobian "is effectively a sham defendant, fraudulently joined to this action for the purposes of preventing removal." (Opp'n, Dkt. No. 20 at 2.) Further, Travelers asserts that Plaintiff "has provided no justification as to why its Third Cause of Action for Negligence should be permitted against Cobian." But that assertion ignores the applicable burdens on removal.

The burden of establishing that jurisdiction is proper lies with removing defendants, with the court resolving any doubts against removal. *See Gaus v. Miles,* 980 F.2d at 566. To meet that burden, defendants must convince the court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). And defendants must establish that the plaintiff would not be given leave to amend the complaint to cure any supposed deficiency. *Padilla*, 697 F. Supp. 2d at 1159. If defendants can satisfy their burden, the court is supposed to ignore the citizenship of the fraudulently joined sham defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-02044 AG (KESx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | GOLDEN STATE INVESTMENT GROUP, INC. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

when deciding whether there's the requisite diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Padilla*, 697 F.Supp.2d at 1158.

Travelers falls short of meeting its burden. Its main argument is that "under California law, negligence claims do not generally lie against insurers." *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 980 (9th Cir. 2002) (citing *Sanchez v. Lindsey Morden Claims Servs., Inc.,* 72 Cal. App. 4th 249, 254 (1999); *Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1166 (9th Cir. 1995); *Aas v. Superior Court,* 24 Cal. 4th 627, 643, (2000)). (*See* Opp'n, Dkt. No. 20 at 3.) But just because the claim asserted against a defendant isn't "generally" available, *see Conestoga*, 312 F.3d at 980, doesn't mean that "the plaintiff could not *possibly* recover" against that defendant. *See Padilla*, 697 F. Supp. 2d at 1158 (emphasis added). And even if the complaint were found to be insufficient to state a claim against Cobian, Travelers has failed to establish that Plaintiff wouldn't be given leave to amend its complaint to cure any purported deficiencies. *See Padilla*, 697 F. Supp. 2d at 1159. As this Court has previously said, "[t]he words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." *See id.* at 1160. Travelers hasn't made a sufficient showing that Cobian was fraudulently joined. This is yet another case to give ever more weight to the observation the Court made years ago: while allegations of fraudulent joinder are "increasingly being made in federal courts," "as the prevalence of this argument grows, so does its misuse." *See id.* at 1157.

The Court GRANTS Plaintiff's motion to remand.

### 3.2 Request for Attorney Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Relying on that provision, Plaintiff asks the Court for an award of attorney fees and costs. But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Martin*, the Supreme Court made clear that attorney fees and costs should not be awarded "presumptively, or automatically" on remand. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). It follows that "removal is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-02044 AG (KESx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | GOLDEN STATE INVESTMENT GROUP, INC. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

objectively unreasonable solely because the removing party's arguments lack merit." *Id.* Here, removal was improper but not objectively unreasonable. Any future efforts to remove might be treated differently.

The Court therefore DENIES Plaintiff's request for attorney fees and costs.

**4. DISPOSITION**

The Court GRANTS Plaintiff's motion to remand. (Dkt. No. 16.) The Court DENIES Plaintiff's request for attorney fees and costs. All other pending matters are VACATED.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |